OPINION
On September 12, 2001, the Court of Common Pleas entered a domestic violence civil protection order restraining respondent, Rhiannon Kihm, from abusing or having any contact with petitioner, Jeremy Farris, and two members of his household; his wife, Amanda Farris, and his child, Victoria Noon. The court's order adopted a magistrate's decision granting that same relief and overruled objections Kihm had filed to the magistrate's decision.
Kihm filed a timely notice of appeal from the trial court's order. The matter is now before us for review of four assignments of error.
Rhiannon Kihm and Jeremy Farris are the parents of a minor child, Kylie Kihm. Jeremy Farris is married to Amanda Farris. Jeremy Farris enjoys court-ordered visitation with Kylie Kihm on alternate weekends.
On April 28, 2001, Jeremy Farris had his first weekend visitation with Kylie Kihm. When he picked her up, Farris told Rhiannon Kihm that she could call later to inquire how the visit was progressing. The visit would take place at his mother's home, where Jeremy and Amanda Farris resided.
Rhiannon Kihm telephoned the Farris home later that evening. She and Amanda Farris had words. Rhiannon Kihm and two friends then drove to the Farris home. When the three arrived, Rhiannon Kihm banged on the front window with her fist, ordering Jeremy Farris to come outside. He later testified that he did not, because Kihm's past acts of physical violence caused him concern for his safety should he comply with her demands.
The confrontation grew more heated as the minutes passed. A neighbor heard Kihm yell: "God damn you. I'm going to kick your fucking ass!" When Jeremy Farris went to a phone to call his attorney, Kihm yelled to Amanda Farris: "I will kill you, bitch." These remarks caused Jeremy Farris to fear for his wife's safety and well-being, particularly in view of the fact that she was six months pregnant at the time. The encounter eventually ended and Kihm drove off with her friends, just as police arrived.
Jeremy Farris filed a petition for a domestic violence civil protection order pursuant to R.C. 3113.31 on May 8, 2001. On May 18, he filed an amended petition. In both, he sought an order restraining Kihm from future acts of abuse committed against him and his wife, Amanda Farris.
The amended petition was referred to a magistrate. Jeremy and Amanda Farris testified to the facts discussed above, as did their neighbor. Rhiannon Kihm also testified. She confirmed the encounter, but denied that her behavior was abusive. She also denied threatening to kill Amanda Farris, but admitted telling her, "I'll kick your ass." (Tr. 82.)
The magistrate entered a decision granting the civil protection order Jeremy Farris sought. The order restrained Rhiannon Kihm from committing acts of abuse against Jeremy Farris, Amanda Farris, and Victoria Noon. Kihm was also ordered to have no contact with those persons and to come no closer to them than 200 feet. Kihm was also ordered to not possess or carry a deadly weapon.
Kihm filed objections to the magistrate's decision. The trial court overruled the objections and adopted the decision as the court's order. Kihm filed a timely notice of appeal.
 FIRST ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED BY ADOPTING THE MAGISTRATE'S REPORT BECAUSE THE MAGISTRATE DID NOT CORRECTLY RULE THAT AMANDA FARRIS WAS NOT A PETITIONER UNTIL AFTER HER TESTIMONY, WHICH IS PREJUDICIAL ERROR AND/OR ABUSE OF DISCRETION."
When the evidentiary hearing before the magistrate commenced, Kihm moved for a separation of witnesses. The magistrate granted the motion, except as to Amanda Farris. The magistrate refused to exclude her, finding that Amanda Farris was in the status of a petitioner because Jeremy Farris had also sought relief on her behalf. Subsequently, the magistrate found that Amanda Farris was not a petitioner.
Kihm argues that the magistrate's subsequent decision demonstrates the magistrate's earlier abuse of discretion in not excluding Amanda Farris on Kihm's motion. Further, as Amanda Farris' testimony closely matched her husband's, the error permitted Amanda and Jeremy Farris to collude in testifying.
R.C. 3113.31(C) permits a petitioner who seeks a domestic violence civil protection order to do so on his or her own behalf and "on behalf of any other family or household member." It is undisputed that Amanda Farris satisfies that definition vis-a-vis her husband, Jeremy Farris, the petitioner. Therefore, while Amanda Farris is not a "petitioner," she is in the status of a party for purposes of a R.C. 3113.31(C) proceeding.
Evid. R. 615(A) authorizes separation of witnesses at the request of a party, but expressly excludes from its coverage "[a] party who is a natural person." Id. Therefore, the magistrate did not abuse his discretion when he denied Kihm's motion as to Amanda Farris.
The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED BY ADOPTING THE MAGISTRATE'S REPORT BECAUSE THE MAGISTRATE DID NOT SEQUESTER PETITIONER'S WITNESS, AMANDA FARRIS, WHICH IS PREJUDICIAL ERROR AND/OR ABUSE OF DISCRETION."
This assignment of error and the argument Kihm presents to support is substantially the same as the first assignment and the argument she presents therein. The second assignment of error is overruled for the same reason.
 THIRD ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED BY GRANTING A CIVIL PROTECTION ORDER WHEN THE EVIDENCE PRESENTED SHOWS THAT THERE WAS NEVER ANY THREAT OF IMMINENT SERIOUS PHYSICAL HARM FROM RESPONDENT-APPELLANT."
We construe this assignment of error to be a claim that the evidence was not sufficient as a matter of law to support issuance of a domestic violence civil protection order pursuant to R.C. 3113.31. Paragraph (A)(1)(b) of that section defines "domestic violence" to include "[p]lacing another person by the threat of force in fear of imminent serious physical harm or committing a violation of R.C. 2903.211 or R.C.2911.211 of the Revised Code." R.C. 2903.211 prohibits menacing by stalking.
Civ.R. 50(A)(1) provides that a defending party may move for a directed verdict at the close of the plaintiff's case. The court must then determine, after construing the evidence most strongly in favor of the party against whom the motion is directed, whether on any determinative issue reasonable minds could only find in favor of the movant. If the court so finds, it must grant the motion.
At the conclusion of the petitioners' case, Kihm moved to dismiss for lack of any evidence that she committed an act of domestic violence against Jeremy Farris, the petitioner. The magistrate denied the motion, citing past acts of domestic violence Kihm had committed against Jeremy Farris, about which he testified, and Kihm's conduct and the words she used when calling him out as she stood outside his house. This evidence is clearly sufficient to demonstrate threats which could put Jeremy Farris in fear of imminent serious physical harm that Kihm argues is lacking in this record.
At oral argument, counsel for Kihm urged us to find that, whatever her conduct relative to Amanda Farris, it could not be the basis of a civil protection order entered pursuant to R.C. 3113.31 because Kihm and Amanda Farris are not in the relationship of family or household members. Kihm concedes that she and Jeremy Farris are family or household members because he is the parent of her child. See R.C. 3113.31(A)(3)(ii).
Kihm has identified an anomaly in the statute. Paragraph (C)(1) of R.C. 3113.31 permits a petitioner to seek a civil protection order on his or her behalf "or on behalf of any family or household member." However, and in addition, the petitioner must allege and prove "that the respondent engaged in domestic violence against a family or household member of the respondent." (Emphasis supplied.) Therefore, an allegation or proof that the respondent committed an act of domestic violence not against her own family or household member but against a family or household member of the petitioner upon whose behalf the petition is brought is insufficient to authorize the relief for which the section provides. That victim and the respondent must themselves be members of the same family or household. When, as here, they are not, there is no right to relief under the statute, unless the respondent has also committed an act of domestic violence against the petitioner.
We note that this particular argument was not presented to the trial court in the objections to the magistrate's decision that Kihm filed. Therefore, pursuant to Civ.R. 53(E)(3)(b), any error it involves is waived. There is no error, however.
The magistrate found that Jeremy Farris, the petitioner, was a victim of an act of domestic violence committed by the respondent, Rhiannon Kihm, and that they are family and household members. The magistrate was then authorized by R.C. 3113.31 to grant an order for the protection of Jeremy Farris and any members of his family or household upon whose behalf his petition was also brought. Amanda Farris is in that class of persons.
The fact that a person who benefits from the coverage of a domestic violence civil protection order was not a victim of a predicate act of domestic violence which that relief requires, or even a family or household member of the named respondent, may seem to some to be overreaching. We are not of that view. When, as here, a third person is a family or household member of both, albeit for different reasons, and that third person was also a victim of domestic violence the respondent committed, extending the coverage of the resulting civil protection order to other members of the victim's household who are also vulnerable to abuse at the respondent's hands, and likely targets of such abuse, makes good sense.
The third assignment of error is overruled.
 FOURTH ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED BY ADOPTING THE MAGISTRATE'S REPORT AND RECOMMENDATIONS, AND/OR MAKING ITS OWN INDEPENDENT DECISION TO GRANT A CIVIL PROTECTION ORDER, WHICH WAS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED."
Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. C.E. Morrisv. Foley Construction Co. (1978), 54 Ohio St.2d 279. In reviewing a manifest weight claim, a Court of Appeals should be guided by a presumption that the findings of the trier of fact were correct. SeasonsCoal Co. v. City of Cleveland (1984), 10 Ohio St.3d 77.
"The underlying rationale for giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Id., at p. 80.
The foregoing principles likewise apply to an appellate court's review of judgments of a trial court which adopt the findings and conclusions in a decision rendered by a magistrate pursuant to Civ.R. 53. The magistrate heard and saw the witnesses and was in the best position to weigh the evidence they presented. Courts of Appeals likewise defer to the magistrate's findings when they are adopted by the trial court. The trial court is not, however, required to give the same deference when passing on objections to the magistrate's findings and conclusions. It must consider those questions de novo, aided by further evidentiary proceedings when the question calls for that. Absent any objections, the trial court has broad discretion to adopt a decision of its own magistrate as the court's own order.
Jeremy Farris testified that Rhiannon Kihm's threats to "kick his ass", coupled with the past acts of domestic violence she had committed, caused him to fear for his own safety as well as the safety of Amanda Farris. The magistrate found that Kihm's conduct put Jeremy Farris in fear of imminent physical harm, and was also a violation of R.C. 2903.211
(menacing by stalking) and, therefore, an act of domestic violence per R.C. 3113.31(A)(1)(b).
Kihm argues on appeal, as she did in her objections to the magistrate's decision, that Jeremy Farris's conduct was inconsistent with any such fear on his part. The evidence shows that while Kihm was issuing her threats from outside the home, Jeremy Farris remained inside, lying on a couch and playing with his two young children. He only rose to call his attorney (who wisely stayed away). It was Amanda Farris who called the police.
If Kihm was serious in the threats she made, it was only a locked door that prevented her from attempting to carry them out. Perhaps that provided some comfort for those inside the house, but it didn't necessarily eliminate their reason to fear harm at the hands of Kihm and the two persons she had brought with her.
It was Kihm's conduct in storming the door of the Farris's home as she did, issuing threats of physical harm against those inside while pounding on the portal, that gave cause to those inside to fear for their safety. Kihm's conduct bore no resemblance to that conduct of Poe's Raven, gently rapping at a chamber door. Kihm's past acts of abuse, to which Jeremy Farris testified, gave further cause to fear her.
There was competent, credible evidence to support the trial court's judgment adopting the magistrate's decision. The fourth assignment of error is overruled.
 CONCLUSION
Having overruled her assignments of error presented, we will affirm the judgment and order from which this appeal was taken.
WOLFF, P.J. and BROGAN, concur.